UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ROBERT HENRY MCLANE,**

      **Plaintiff,**

v.                                               **Case No: 6:17-cv-2135-Orl-37KRS**

**JUDGE MCKIBBEN, MCKIBBEN'S JUDICIAL ASSISTANT, JUDGE BAKER, REBECCA J. MORGAN and MR. LUNA,**

      **Defendants.**

                                       /

**ORDER**

This cause is before the Court on a handwritten letter from Plaintiff Robert Henry McLane (Doc. 1).

Upon review of the letter, it is unclear what type of action Plaintiff is attempting to commence. It appears he is detained awaiting trial (scheduled for December 18, 2017) in Brevard County, Florida. (Doc. 1 at 8, 9). After relating a series of events including, among other things, release of previously appointed counsel, appointment of new counsel, and an intervening hearing he was to attend *pro se* but could not attend due to illness, Plaintiff states that he has a medical problem and needs to see a doctor, is "in extreme pain and can't sleep," and that the "nurse said [it] will be 3 [weeks] before [a] doctor visit." He further states that he "cannot fill out habeas corpus or 1983 civil rights complaint or supporting torts, because of ongoing censorship of law library for state attorney[']s office[] and blocked and censored mail." (*Id.*). Plaintiff seeks a "full blown federal investigation," a "change of venue," "immediate release," and to "make Brevard

County pay back my cash bond of $1,600, and pay minimum compensation loss of wages for arrest date Sept[ember] 14, 2017 to date released."

This is not the first time Plaintiff has sought similar relief in this Court. *See McLane v. Brevard County*, 6:17-cv-267-Orl-22GJK; *McLane v. State of Florida*, 6:17-cv-1724-Orl-18DCI. He is again reminded that federal courts do not generally have the authority to interfere with pending state criminal proceedings. *See, e.g.*, *Hughes v. The Eleventh Judicial Circuit of Florida*, 377 F.3d 1258, 1262-63 (11th Cir. 2004). To the extent Plaintiff desires to pursue a civil rights or habeas action, he has failed to file a civil rights complaint or appropriate habeas petition.[1] He has also failed to file a motion for leave to proceed *in forma pauperis* or pay the filing fee. Therefore, this case will be dismissed without prejudice to give Plaintiff the opportunity to properly file a civil rights complaint or habeas petition and to either pay the filing fee or submit an affidavit of indigency to the Court.

Accordingly and upon consideration, it is **ORDERED AND ADJUDGED** that:

1. this case is **DISMISSED** without prejudice;
2. the Clerk is directed to enter judgment dismissing this case without prejudice and to close the case; and
3. the Clerk shall mail Plaintiff a civil rights complaint form, an affidavit of indigency form, and a 28 U.S.C. § 2241 habeas form. If Plaintiff chooses to pursue a civil rights or habeas action, he may complete and submit the relevant form. Plaintiff, however,

---

[1] Although Plaintiff states that he is not an attorney, *pro se* litigants are subject to the same law and rules of court as litigants represented by counsel. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

2

should not place the instant case number on the form as this case will be closed. The Clerk will assign a separate case number in the event Plaintiff elects to pursue an action.

**DONE** and **ORDERED** in Orlando, Florida on December 15th , 2017.



ROY B. DALTON JR.
United States District Judge

Copies furnished to:

Pro Se Party
OrlP-5